UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SHIP REPAIR & FABRICATION INC,<br><br>Defendant. | CASE NO. C24-1515-KKE<br><br>ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |

Plaintiffs Northwest Sheet Metal Workers Pension Fund ("Pension Trust"), Northwest Sheet Metal Workers Supplemental Pension Trust ("Supplemental Pension Trust"), and Sheet Metal Workers Local 66 ("Local 66") seek default judgment against Defendant Pacific Ship Repair & Fabrication Inc. ("Pacific Ship") for delinquent employee benefit contributions, liquidated damages, prejudgment interest, and attorney's fees and costs owed under the applicable trust agreements for October 2023 through June 2024. Dkt. No. 12. Plaintiffs have shown they are entitled to this relief under Federal Rule of Civil Procedure 55(b) and the Court grants the motion in part.

## I. BACKGROUND

On June 8, 2022, Pacific Ship entered into an agreement with The Metal Trades Department of the AFL-CIO and the Puget Sound Metal Trades Council[1] (the "Labor Agreement"). Dkt. No. 13-1. Under the Labor Agreement, Pacific Ship agreed to pay certain amounts "into jointly administered Health, Welfare, Dental, and Pension Trust Funds." *Id.* at 24. By agreeing to the Labor Agreement, Pacific Ship "also became obligated to comply with the terms of the trust agreements adopted by Plaintiffs." Dkt. No. 1 ¶ 11. Each of these agreements provides for how and when Pacific Ship shall pay contributions, and the consequences for failing to pay timely contributions. Dkt. No. 13-4 at 31–33 (Pension Trust agreement), Dkt. No. 13-5 at 29–31 (Supplemental Pension Trust agreement).

On September 23, 2024, Plaintiffs[2] filed this case (Dkt. No. 1) and then served Pacific Ship (Dkt. No. 5). On November 19, 2024, after Pacific Ship failed to appear, the Clerk of Court entered Pacific Ship in default. Dkt. No. 8. Now Plaintiffs move for entry of default judgment under Federal Rule of Civil Procedure 55(b) for $32,062.86 in delinquent contributions owed under the trust agreements for October 2023 through June 2024, $4,465.63 in interest, $6,412.57 for liquidated damages, and $4,374 in attorney's fees and $1,300.19 in costs. Dkt. No. 12.

## II. ANALYSIS

### A. Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See Shaw v. Cent. Puget Sound Reg'l Transit Auth.*, No. 23-35394, 2024

---

[1] The Puget Sound Metal Trades Counsel is Local 66's bargaining agent. Dkt. No. 13-2 at 2.

[2] Plaintiffs Northwest Sheet Metal Workers Organizational Trust, Northwest Sheet Metal Workers Welfare Fund, Western Washington Sheet Metal Training Trust, and Northwest Sheet Metal Labor Management Cooperation Trust voluntarily dismissed their claims against Pacific Ship. Dkt. No. 11.

WL 2828810, at *1 (9th Cir. June 4, 2024) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (explaining that "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" before entering default)).

This Court has subject matter jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1). Dkt. No. 1 ¶¶ 1, 18.

The Court has personal jurisdiction over Pacific Ship, whose registered agent for Washington was properly served with this complaint. Dkt. No. 5; *see Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (acknowledging nationwide personal service sufficient for personal jurisdiction under ERISA); Wash. Rev. Code § 23.95.450(1); *see also id.* § 4.28.080(9) (permitting service of summons on a company's registered agent).

**B.    Legal Standard**

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267. When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Fed. Nat. Mortg.*

*Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2).

C.   **Plaintiffs Are Entitled to Default Judgment.**

As detailed below, the Court has considered each of the *Eitel* factors and concludes that Plaintiffs are entitled to default judgment.

The first factor, prejudice to Plaintiffs, favors granting default judgment because Plaintiffs (and the covered employees) will be prejudiced by not receiving the bargained-for benefits.

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). Here, Plaintiffs allege Pacific Ship violated ERISA. Dkt. No. 1 ¶¶ 16, 18, 19. ERISA provides that employers must pay contributions required "under the terms of the plan or under the terms of a collectively bargained agreement," 29 U.S.C. § 1145, and provides for a civil action and remedies, including liquidated damages, interest, attorney's fees, and costs, *id.* § 1132(a), (g). To be entitled to a mandatory award of liquidated damages, interest, attorney's fees, and costs under ERISA, (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Plaintiffs meet all three elements because they allege Pacific Ship was delinquent at the time of filing (Dkt. No. 1 ¶ 15); the Court finds default judgment appropriate; and the trust agreements provide for an award of unpaid contributions, prejudgment interest, liquidated damages, and reasonable attorney's fees and costs. Dkt. No. 13-4 at 32, Dkt. No. 13-5 at 30.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 4

Therefore, Plaintiffs have sufficiently pleaded a claim under 29 U.S.C. § 1132 and such claim has merit; these factors favor default judgment.

The fourth factor, the sum of money at stake, favors entering default judgment because the amount is proportional to the harm and seriousness of Pacific Ship's failure to timely contribute to Plaintiffs, and they seek only the remedies available under the trust agreements. *See Illumination Arts,* 33 F. Supp. 3d at 1212 (stating that this factor accounts for "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct" (cleaned up)). Moreover, ERISA mandates an award of liquidated damages, interest on delinquent contributions, reasonable attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

The fifth factor, the possibility of dispute over material facts, favors entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Illumination Arts*, 33 F. Supp. 3d at 1212. But this is true only when the plaintiff has "supported its claims with ample evidence[.]" *Id.* (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). Plaintiffs support their allegations with documents and declarations. Dkt. Nos. 13, 13-1–13-7.

The sixth factor, whether default is due to excusable neglect, favors entering default judgment because Pacific Ship has been served with the complaint (Dkt. No. 5) but has not entered an appearance or participated in this action.

The seventh factor, the policy underlying the Federal Rules of Civil Procedure, weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation.

On balance, the Court concludes the *Eitel* factors favor granting default judgment.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 5

**D.      Plaintiffs Provide Sufficient Evidence of Damages.**

Once a court determines default judgment is proper, it then ensures "the amount of damages is reasonable and demonstrated by the evidence." *Illumination Arts*, 33 F. Supp. 3d at 1211. Plaintiffs must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A).

Plaintiffs seek $32,062.86 in delinquent contributions from Pacific Ship for October 2023 through June 2024. Plaintiffs provide work reports evidencing the contribution amounts owed to each Plaintiff for each month. Dkt. No. 13-6. The documents support an award of $20,530.34 to Pension Trust in delinquent contributions and an award of $11,532.52 to Supplemental Pension Trust in delinquent contributions.

Plaintiffs seek $6,412.57 in liquidated damages for delinquent contribution payments for October 2023 through June 2023. Dkt. No. 12 at 3. The trust agreements support applying 20% liquidated damages to any award when Plaintiffs are forced to file suit. Dkt. No. 13-4 at 32, Dkt. No. 13-5 at 30. The Court agrees with Plaintiffs' calculation and awards Pension Trust $4,106.07 in liquidated damages and Supplemental Pension Trust $2,306.50 in liquidated damages.

Plaintiffs seek $4,465.63 in interest for delinquent contribution payments for October 2023 through June 2024. Dkt. No. 12 at 3. Plaintiffs provided a declaration stating the contributions were due on the 15th day of the month following the month in which the work was performed (Dkt. No. 13 ¶ 13), and the trust agreements which support applying a 12% per annum interest rate from the due date until paid (Dkt. No. 13-4 at 32, Dkt. No. 13-5 at 30). Plaintiffs provided a chart of the interest owed to Plaintiffs, combined, based on 12% per annum compounded monthly. Dkt. No. 13 ¶ 13. The Court does not adopt Plaintiffs' calculations because the total interest for each

month appears untethered from the actual period of interest. *Id.* (total interest for October 2023 contributions is 18.4% when the interest period is 17 months). Instead, the Court calculates the total interest owed for Pension Trust as $2,685.56 and for Supplemental Pension Trust as $1,508.56.

Plaintiffs seek $4,374.00 in attorney's fees and $1,300.19 in costs. Dkt. No. 12 at 3. Plaintiffs are entitled to their attorney's fees under 29 U.S.C. § 1132(g)(2)(D) and the trust agreements (Dkt. No. 13-4 at 32, Dkt. No. 13-5 at 30). Plaintiffs provide contemporaneous billing records and a breakdown of the costs. Dkt. No. 13-7. There is sufficient evidence to support an award of $4,374.00 in attorney's fees and $1,300.19 in costs.

### III. CONCLUSION

For these reasons, the Court GRANTS IN PART the motion for default judgment. Dkt. No. 12. The Court awards:

Northwest Sheet Metal Workers Pension Fund: $20,530.34 in delinquent contributions, $4,106.07 in liquidated damages, and $2,685.56 in interest.

Northwest Sheet Metal Workers Supplemental Pension Trust: $11,532.52 in delinquent contributions, $2,306.50 in liquidated damages, and $1,508.56 in interest.

The Court awards Plaintiffs $4,374.00 in attorney's fees and $1,300.19 in costs.

Post-judgment interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961(a).

The Clerk is instructed to enter judgment in favor Plaintiffs as provided above.

Dated this 25th day of June, 2025.

Kymberly K. Evanson
United States District Judge